UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FADWA ABDELHADI, )<br>)<br>    Plaintiff, )<br>)<br>   v. )<br>)<br>MICHAEL CHERTOFF, Secretary, )<br>Department of Homeland Security, ROBERT )<br>S. MUELLER, III, Director, Federal Bureau of )<br>Investigation, )<br>)<br>    Defendants. | No. 07 C 6899<br><br>Judge Lindberg |

### **DEFENDANTS' MOTION TO DISMISS**

  The United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, on behalf of defendants Michael Chertoff, Secretary, Department of Homeland Security, and Robert S. Mueller, III, Director, Federal Bureau of Investigation, moves to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support, the United States avers:

  1. On December 7, 2007, plaintiff Fadwa Abdelhadi ("Abdelhadi") filed a complaint asking this court to order defendants to adjudicate her application for naturalization. Cmpl. ¶ 8; *ad damnum* ¶ A.

  2. However, Abdelhadi has been twice interviewed by the U.S. Citizenship and Immigration Services ("CIS"), on April 16, 2007 and January 7, 2008, to determine whether she was eligible for citizenship. Ex. 1.

  3. On February 7, 2008, CIS issued its adjudication of Abdelhadi's application. In a four-page decision, the agency held that Abdelhadi was *not* eligible for citizenship because she did

not possess a sufficient understanding of English to answer the required questions. Specifically, Abdelhadi was unable to be sworn in, she was unable to answer questions her current and past residences, and she could not explain her trips outside the United States. Ex. 1 at 4.

4.      On February 28, 2008, Abdelhadi filed an administrative appeal of the adverse decision of February 7, 2008. *See* 8 U.S.C. § 1447(a); Ex. 2. Abdelhadi's appeal is pending and no final agency action is before the court. Consequently, Abdelhadi has not exhausted her administrative remedies, as she must, and the court does not have subject matter jurisdiction over Abdelhadi's complaint. 8 U.S.C. § 1421(c); *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992); *Baez-Fernadez v. Immigration and Naturalization Service*, 385 F.Supp.2d 292, 294 (S.D.N.Y. 2005)(district court may intervene only when application for naturalization denied and denial affirmed on appeal or when applicant has been examined and more than 120 days have passed without a decision as required by 8 U.S.C. § 1447(b)).

5.      Moreover, Abdelhadi has no recourse under the Administrative Procedures Act, 5 U.S.C. § 706(1), or the Mandamus Act, 28 U.S.C. § 1361. *Ibrahim v. Chertoff, et al.*, 529 F.Supp.2d 611, 612 (federal courts are courts of limited jurisdiction and possess only that power authorized by statute or Congress). Here, CIS has performed the duty Abdelhadi identified and requested, and she continues to pursue her administrative remedies. Thus, the Mandamus Act does not apply. *Ibrahim*, 529 F.Supp.2d at 613.

6.      The same holds true for Abdelhadi's APA claim. The APA permits judicial review and authorizes a district court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). At this juncture, Abdelhadi cannot point to any agency action

"unlawfully withheld" or describe any agency action that as been "unreasonably withheld." Cmpl. ¶ 6. Accordingly, Abdelhadi has no basis for APA relief.

WHEREFORE, for all the reasons stated, plaintiff's complaint should be dismissed and the court award such further relief it deems appropriate.

> Respectfully submitted,
>
> PATRICK J. FITZGERALD
> United States Attorney
>
> By: s/ Pierre C. Talbert
>     PIERRE C. TALBERT
>     Assistant United States Attorney
>     219 South Dearborn Street
>     Chicago, Illinois 60604
>     (312) 353-4088