# EXHIBIT 1

**U.S. Citizenship and Immigration Services**

Direct all responses by mail to the office listed below:
U.S. CITIZENSHIP AND IMMIGRATION SERVICES
101 West Congress Parkway # USCIS Chicago District Office
Chicago IL 60605

Fadwa Hassan Abdelhadi
PO Box 2251
East Chicago IN  46312

Refer to this file: LIN*000567029
Alien Number:   A 047 355 454
Date:   February 7, 2008

## DECISION

On April 16, 2007 and again on January 7, 2008, you appeared for an examination of your application for naturalization, which was filed in accordance with Section 316(A) of the Immigration and Nationality Act.

Pursuant to the investigation and examination of your application it is determined that you are ineligible for naturalization for the following reason(s):

**See Attachment(s)**

If you desire to request a review hearing on this decision pursuant to Section 336(a) of the Act, you must file a request for a hearing **within 30 Days** of the date of this notice. If no request for hearing is filed within the time allowed, this decision is final. A request for hearing may be made to the District Director, with the Immigration and Naturalization office which made the decision, on Form N-336, Request for Hearing on a Decision in Naturalization Proceedings under Section 336 of the Act, together with a **fee of $605**. A brief or other written statement in support of your request may be submitted with the Request for Hearing.

Sincerely,

*Ruth A. Dorochoff*

7004 2510 0004 7772 4714

Ruth A. Dorochoff
District Director

cc: Reem Odeh
8 S Michigan Ave # 32ND Fl
Chicago IL  60603

Form N-335


Attachment(s) to Form N-335

Applicant: Fadwa Hassan Abdelhadi
Application for Naturalization, Form N-400
Alien Number: A047355454
Application ID: LIN*000567029

Your application is hereby denied in accordance with the Title 8 Code of Federal Regulations Section(s) listed below:

Section 312 of Title 8 Code of Federal Regulations ("8 C.F.R.") states in pertinent part:

Sec. 312.1 Literacy requirements.
(a) General. Except as otherwise provided in paragraph (b) of this section, no person shall be naturalized as a citizen of the United States upon his or her own application unless that person can demonstrate an understanding of the English language, including an ability to read, write, and speak words in ordinary usage in the English language.
(b) Exceptions. The following persons need not demonstrate an ability to read, write and speak words in ordinary usage in the English language:
    (1) A person who, on the date of filing of his or her application for naturalization, is over 50 years of age and has been living in the United States for periods totalling at least 20 years subsequent to a lawful admission for permanent residence;
    (2) A person who, on the date of filing his or her application for naturalization, is over 55 years of age and has been living in the United States for periods totalling at least 15 years subsequent to a lawful admission for permanent residence; or
    (3) The requirements of paragraph (a) of this section shall not apply to any person who is unable, because of a medically determinable physical or mental impairment or combination of impairments which has lasted or is expected to last at least 12 months, to demonstrate an understanding of the English language as noted in paragraph (a) of this section. The loss of any cognitive abilities based on the direct effects of the illegal use of drugs will not be considered in determining whether a person is unable to demonstrate an understanding of the English language. For purposes of this paragraph, the term medically determinable means an impairment that results from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical or laboratory diagnostic techniques to have resulted in functioning so impaired as to render an individual unable to demonstrate an understanding of the English language as required by this section, or that renders the individual unable to fulfill the requirements for English proficiency, even with reasonable modifications to the methods of determining English proficiency as outlined in paragraph (c) of this section.
(c) Literacy examination.
    (1) Verbal Skills. The ability of an applicant to speak English shall be determined by a designated examiner from the applicant's answers to questions normally asked in the course of the examination.
    (2) Reading and writing skills. Except as noted in Sec. 312.3, an applicant's ability to read and write English shall be tested using excerpts from one or more parts of the Service authorized Federal Textbooks on Citizenship written at the elementary literacy level, Service publications M-289 and M-291. These textbooks may be purchased from the Superintendent of Documents, Government Printing Office, Washington, D.C. 20402, and are available at certain public educational institutions. An applicant's writing sample shall be retained in the applicant's Service file.

Furthermore, 8 C.F.R. 316 states in pertinent part:

Sec. 316.1 Eligibility
(a) General. Except as otherwise provided in this chapter, to be eligible for naturalization, an alien must establish that he or she:
    (1) Is at least 18 years of age;
    (2) Has been lawfully admitted as a permanent resident of the United States;
    (3) Has resided continuously within the United States, as defined under Sec. 316.5, for a period of at least five years after having been lawfully admitted for permanent residence;
    (4) Has been physically present in the United States for at least 30 months of the five years preceding the

date of filing the application;

(5) Immediately preceding the filing of an application, or immediately preceding the examination on the application if the application was filed early pursuant to Section 334(a) of the Act and the three month period falls within the required period of residence under Section 316(a) or 319(a) of the Act, has resided, as defined under Sec.316.5, for at least three months in a State or Service district having jurisdiction over the applicant's actual place of residence, and in which the alien seeks to file the application;

(6) Has resided continuously within the United States from the date of application for naturalization up to the time of admission to citizenship;

(7) For all relevant time periods under this paragraph, has been and continues to be a person of good moral character, attached to the principles of the Constitution of the United States, and favorably disposed toward the good order and happiness of the United States; and

(8) Is not a person described in Section 314 of the Act relating to deserters of the United States Armed Forces or those persons who departed from the United States to evade military service in the United States Armed Forces.

(b) Burden of proof. The applicant shall bear the burden of establishing by a preponderance of the evidence that he or she meets all of the requirements for naturalization, including that the applicant was lawfully admitted as a permanent resident to the United States, in accordance with the immigration laws in effect at the time of the applicant's initial entry or any subsequent reentry.

...

Sec. 316.5 Residence

(a) General. Unless otherwise specified, for purposes of this chapter, including Sec. 316.2 (a)(3), (a)(5), and (a)(6), an alien's residence is the same as that alien's domicile, or principal actual dwelling place, without regard to the alien's intent, and the duration of an alien's residence in a particular location is measured from the moment the alien first establishes residence in that location...

(c) Disruption of continuity of residence

(1) Absence from the United States.

(i) For continuous periods of between six (6) months and one (1) year. Absences from the United States for continuous periods of between six (6) months and one (1) year during the periods for which continuous residence is required under Sec. 316.2(a)(3) and (a)(6) shall disrupt the continuity of such residence for purposes of this part unless the applicant can establish otherwise to the satisfaction of the Service. This finding remains valid even if the applicant did not apply for or otherwise request a nonresident classification for tax purposes, did not document an abandonment of lawful permanent resident status, and is still considered a lawful permanent resident under immigration laws. The types of documentation which may establish that the applicant did not disrupt the continuity of his or her residence in the United States during an extended absence include, but are not limited to, evidence that during the absence:

(A) The applicant did not terminate his or her employment in the United States;
(B) The applicant's immediate family remained in the United States;
(C) The applicant retained full access to his or her United States abode; or
(D) The applicant did not obtain employment while abroad.

(ii) For period in excess of one (1) year. Unless an applicant applies for benefits in accordance with Sec. 316.5(d), absences from the United States for a continuous period of one (1) year or more during the period for which continuous residence is required under Sec. 316.2(a)(3) and (a)(5) shall disrupt the continuity of the applicant's residence. An applicant described in this paragraph who must satisfy a five-year statutory residence period may file an application for naturalization four years and one day following the date of the applicant's return to the United States to resume permanent residence. An applicant described in this paragraph who must satisfy a three-year statutory residence period may file an application for naturalization two years and one day following the date of the applicant's return to the United States to resume permanent residence....

Explanation:

On January 7, 2008, you appeared for a citizenship interview, in order to complete the processing of your application for naturalization by insuring that you met all of the requirements for eligibility. At this interview, however, you did not possess sufficient understanding of English to answer the required questions. In particular, you were unable to be sworn in, and unable to answer questions concerning your current and past residences, and your trips outside the United States.

While it is true that you were certified as being able to speak, read and write English at the time of your interview on April 16, 2007 (your second examination), it appears that you were not asked all of the required questions at that time. In particular, your application for naturalization states that you spent a total of 920 days outside the United States within the past five years, though the only specific trip that you listed was a 191-day trip in 2002. It appears that on April 16, 2007, you were not asked to explain this discrepancy, or to provide evidence that your 2002 trip of more than six months did not disrupt the continuity of your residence according to the guidelines of 8 C.F.R. 316.5(c). When you were asked about these issues on January 7, 2008, you were unable to understand the questions in English despite numerous repetitions and rephrasings.

Under 8 C.F.R. 312.1(c)(1), an applicant for naturalization must demonstrate the ability to speak and understand English in ordinary usage, as determined by the ability to answer questions normally asked during the course of the examination and interview. Since you were unable to answer the required questions on January 7, 2008, you have failed to meet this requirement for eligibility. Moreover, 8 C.F.R. 316.1 states that the burden of proof lies with the applicant to prove that they meet all the eligibility requirements for naturalization, including that of continuous residence in the United States during the statutory period beginning five years prior to the date of the application. Because you were unable on January 7, 2008 to answer the required questions concerning your residence, you have failed to meet your burden under this section.

Thus, your application for naturalization filed on June 26, 2003 must be, and hereby is, denied. This decision is made without prejudice to any future application for naturalization made when you are able to meet all requirements for eligibility.

# EXHIBIT 2

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services

**N-336, Request for a Hearing on a Decision in Naturalization Proceedings Under Section 336 of the Act**

| Decision: ☐ Grant  ☒ Denial | Fee: $605.00   03/05/08 10:30 N-336 |
|---|---|

1. In the Matter of: (Name of Naturalization Applicant)
   Fadwa Hassan Abdelhadi

   File Number: A 047 355 454

2. I am filing a request for hearing on the decision dated:

   February 7, 2008.

3. Please check the one block which applies:

   a. ☒ I am *not submitting* a separate brief, statement or evidence.

   b. ☐ I *am submitting* a separate brief, statement and/or evidence with this form.

   c. ☐ I need _____ days to submit a brief, statement and/or evidence to USCIS. (May be granted only for good cause shown. Explain in a separate letter.)

4. Person Filing Request:
   Name (Please Type or Print in Black Ink.)

   Fadwa Hassan Abdelhadi

   Address (Street Number and Name)          (Apt. Number)

   P.O. Box 2251          East Chicago,   IN   46312
   (City)                 (State)              (Zip Code)

   X Fadwa Abdelhadi          02/28/08
   Signature                  Date (mm/dd/yyyy)

   ☐ I am an attorney or representative and I represent the applicant requesting a hearing on a naturalization proceeding. [You must attach a Notice of Entry of Appearance (Form G-28) if you are an attorney or representative and did not previously submit such a form.]
   (Person for whom you are appearing)

5. Briefly state the reason(s) for this request for a hearing:

   The Petitioner originally passed the exam, the denial is incorrect. Since she established her burden of proof since she's applied. Furthermore the petitioner has since then been affected by her Cognitive ability.

   Form N-336 (Rev. 05/05/04) N (Prior versions may be used until 09/03/04)

| U.S. Department of Justice | Notice of Entry of Appearance |
| Immigration and Naturalization Service | as Attorney or Representative |

Appearances - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. Availability of Records - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

In re: Fadwa ABDELHADI

Date: 02/28/08
File No. A047355454

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

Name: Fadwa ABDELHADI
☐ Petitioner   ☑ Applicant
☐ Beneficiary

Address: (Apt. No.)  (Number & Street)  (City)  (State)  (Zip Code)
P.O. BOX 2251   East Chicago,   IN   46312

Name:
☐ Petitioner   ☐ Applicant
☐ Beneficiary

Address: (Apt. No.)  (Number & Street)  (City)  (State)  (Zip Code)

Check Applicable Item(s) below:

☑ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia
ILLINOIS    Supreme Court    and am not under a court or administrative agency
                           Name of Court
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with _____
the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

☐ 4. Others (Explain Fully.)

SIGNATURE
*Reem Odeh*

COMPLETE ADDRESS
8 S. MICHIGAN AVE SUITE 3200
CHICAGO, IL 60603

NAME (Type or Print)
Reem Odeh

TELEPHONE NUMBER
312-701-3000

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:

Reem Odeh
(Name of Attorney or Representative)

THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:

| Name of Person Consenting | Signature of Person Consenting | Date |
| Fadwa ABDELHADI | *Fadwa ABDelhadi* | 02/28/08 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09/26/00)Y

p.2

630-790-3804    P.1

OMB No. 1615-0060; Expires 08/31/08

# N-648, Medical Certification for Disability Exceptions

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Part I. This section to be completed by applicant. (Please print or type information in black ink)**

| Last Name | First Name | Middle Name | Alien Registration Number |
|---|---|---|---|
| Abdelhadi | Fadwa | Hassan | A047 355 454 |

| Address | | | U.S. Social Security Number |
|---|---|---|---|
| 1911 W. 85th Ave Aotm 369 | | | 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 |

| City | State | Zip Code |
|---|---|---|
| Merrillville | IN | 46410 |

| Telephone Number | Date of Birth (mm/dd/yyyy) | Gender |
|---|---|---|
| (219) 793-4081 | 3/14/1966 | Female |

I, **Fadwa H. Abdelhadi**, authorize _____
(Applicant's Name)                                        (Licensed medical doctor, doctor of osteopathy or clinical psychologist)

To release all relevant my physical and mental health information related to my medical status to the U.S. Citizenship and Immigration Services (USCIS) for the purpose of applying for an exception from the English language and U.S. civics testing requirements for naturalization. I certify under penalty of perjury, pursuant to Title 28 U.S.C. Section 1746, that the information on this form and any evidence submitted with it are all true and correct. I am aware that the knowing placement of false information on the Form N-648 and related documents may also subject me to civil penalties under 8 U.S.C. 1324c.

Signature _____    Date **3/14/08**

**Part II. This section to be completed by a licensed medical doctor, doctor of osteopathy or licensed clinical psychologist. (See Instructions.)**

**Purpose of This Form:** The individual named above is applying to become a U.S. citizen. Applicants for naturalization are required to learn and/or demonstrate knowledge of the English language, including an ability to read, write and speak words in ordinary usage in the English language, as well as knowledge and understanding of the fundamentals of the history, and of the principles and form of government of the United States. Individuals who are unable, because of a disability and/or impairment(s) to learn and/or demonstrate this required knowledge may apply for a waiver. The purpose of this form is to help determine whether your patient is eligible for this waiver.

**Definition of Disability and/or Impairment(s):** An individual is eligible for this waiver if he or she is unable to learn and/or demonstrate knowledge of English and/or U.S. history and civics because of a physical or developmental disability, or mental impairment (or a combination of impairments). These disability and/or impairment(s) must result from anatomical, physiological or psychological abnormalities, which can be shown by medically acceptable clinical and laboratory diagnostic techniques. The disability and/or impairment(s) must result in functioning so impaired as to render an individual unable to demonstrate the required knowledge.

**NOTE:** This definition of disability is different from the definition used by the Social Security Administration, Department of Veterans Affairs or worker's compensation we will require the applicant to submit a revised or second Form N-648 with the appropriate information.

Provide **all** of the following required information, using common terminology that a person without medical training can understand, with no abbreviations. Type or print clearly in black ink. Illegible and incomplete forms will be returned. If you need additional space to provide your answers, attach additional pages.

**Nature and duration of disability and/or impairment(s).**

1. (a) Based on your examination of the applicant, the applicant's symptoms, previous medical records, clinical findings or tests, does the applicant have any disability and/or impairment(s) that affect his or her ability to learn and/or demonstrate knowledge?

   ☒ Yes    ☐ No    NOTE: If you answer "No," applicant is ineligible for a waiver; please continue with Part II. 6.

   (b) Has the applicant's disability and/or impairment(s) lasted or do you expect it to last 12 months or longer?

   ☒ Yes    ☐ No    NOTE: If you answer "No," applicant is ineligible for a waiver; please continue with Part II. 6.

   (c) Is the applicant's disability and/or impairment(s) the direct effect of the illegal use of drugs?

   ☐ Yes    ☒ No    NOTE: If you answer "Yes," applicant is ineligible for a waiver; please continue with Part II. 6.

Form N-648 (Rev. 01/13/06)Y

830-790-3904    p.3
p.3

| Applicant's Name | Alien Registration Number A- |
|---|---|

**Diagnosis of disability and/or impairments(s).**

2. (a) Provide your clinical diagnosis of the applicant's disability and/or impairment(s) and describe the impairment(s) in terms a person without medical training can understand. (See *Instructions for examples*).

The Applicant exhibits symptoms of severe depression symptoms c psychotic features. loss of Reality Sense, confusion, Audio hallucinations, paranoid delusions phobia, unable to function in her house, anxiety, confusion, unable to stay in her house by herself, unable to get out of her house by herself

(b) Provide the relevant DSM-IV code(s) for each disability and/or mental impairment(s) that you described above. If a DSM-IV code does not exist, write "N/A."

296-34

Patient is severely depressed c Active psychotic symptoms, disturbed Reality sense, poor concentration, poor attention, Active psychotic symptoms, poor cognitive function

**Connection between disability and/or impairment(s) and inability to learn/demonstrate**

The law requires that applicants for citizenship demonstrate (1) an understanding of the English language, including the *ability* to read, write and speak simple words and phrases in ordinary usage; and (2) a knowledge and understanding of the fundamentals of U.S. history and civics. An applicant's *difficulty* in fulfilling the requirements is not sufficient to support a waiver. In addition, illiteracy in the applicant's native language is not sufficient, by itself, to support a finding of inability to learn and/or demonstrate knowledge.

3. Based on your examination of the applicant, provide *detailed* information on the connection between the disability and/or impairment(s) and the applicant's inability to learn and/or demonstrate knowledge of English and/or U.S. history and civics (see *Instructions for examples*).

   NOTE: *This description should address the severity of the effects of the disability and/or impairment(s), including the specific limitations that affect the applicant's ability to learn and/or demonstrate knowledge.*

Patient is severely depressed, c psychotic symptoms unable to function at her house, unable to prepare a meal (forgetting so oven) unable to clean, unable to do shopping, hearing voices want to kill her, calling husband/son (step son) for people knocking on the door, trying to break in, while there is nobody, paranoid, loss of Reality testing, unable to function in the house, unable to be by herself, unable to leave the house by herself-at night mares, hearing voices at night want to kill her - poor Reality Sense, very disturbed mentally - lacking the Rational Decision.

Form N-648 (Rev. 01/13/06)Y Page 2

Rejected - does not provide nexus to Inability to learn/demonstrate knowledge

[signature]

AUG - 8 2008

630-790-3804

p.4
p.5

| Applicant's Name | Alien Registration Number |
|---|---|
| Fadwa Hassan Abdelhadi | A-X47355454 |

**Professional certified opinion.**
The law requires that in order to be eligible for the disability exception, the applicant must be *unable* to fulfill the requirements for English proficiency and/or knowledge of U.S. history and civics. An applicant's *difficulty* in fulfilling the requirements is not sufficient to support a waiver. In addition, *illiteracy* in the applicant's native language is *not* sufficient, by itself, to support a finding of inability to learn and/or demonstrate knowledge.

4. **English Requirement:**
   (a) In your professional opinion, has the disability impairment(s) described above affected the applicant's functioning to such a degree that he or she *is unable* to learn and/or demonstrate an ability to speak, read or write English?
   ☒ Yes   ☐ No
   (b) If *Yes*, which of the following is the applicant unable to learn and/or demonstrate? *(Check all that apply)*
   ☒ Speaking   ☒ Reading   ☒ Writing

5. **U.S. History and Civics Requirement:**
   In your professional opinion, has the disability impairment(s) described above affected the applicant's functioning to such a degree that he or she is *unable* to learn and/or demonstrate knowledge of U.S. history and civics, even in a language the applicant understands?
   ☒ Yes   ☐ No

**Background Information.**

6. Date of your most recent examination of the applicant (mm/dd/yyyy).  3/4/08

7. Is this your first examination of the individual?
   ☒ Yes  If *Yes*, from whom does the applicant usually receive medical care (i.e., name of doctor/clinic; if the applicant does not have an ongoing source of medical care, please write "N/A").
   
   Pt is ignorant, unable to get the appropriate medical care - patient is unable to care for herself
   
   ☐ No  If *No*, for how long and for what conditions have you been treating the applicant? (If the conditions are the same as in Part II. 2, specify the length of time and write "Conditions – Same as Part II. 2.")

8. What is the nature of your medical practice? (e.g., family/general practice, internal medicine, psychiatry, cardiology)
   Psychiatry

I certify, under penalty of perjury under the laws of the United States of America, that the information on this form and any evidence submitted with it are all true and correct. Upon consent of the applicant, I agree to release this applicant's relevant medical records upon request from U.S. Citizenship and Immigration Services. I am aware that the knowing placement of false information on the Form N-648 and related documents may also subject me to criminal penalties under Title 18, U.S.C. 1546 and civil penalties under 8 U.S.C. section 1324c.

Signature [signed]           Date 3/4/08

**Type or print the following information:**

| Last Name | First Name | Middle Name |
|---|---|---|
| AMER | EMAD | MOHAMED |

| Business Address | City, State, Zip Code | Telephone Number |
|---|---|---|
| 303 E. Army Trail Rd suite 207 | Bloomingdale, IL | 630 351-1770 |

| License Number | Licensing State | E-Mail Address, if any |
|---|---|---|
| 036-094658 | IL | |

Form N-648 (Rev. 01/13/06)Y Page 3

(1)                                Amer & Associates
                                   Progress Note

Client Name  Fadwa Hassan Abdelhadi        ID# _____

| Date: | Time: | PROGRESS NOTE |
|---|---|---|
| 3/4/08 | | ✓ Eval |
| ID | | 43 y.o. Palestinian ♀, grew up c̄ biological parents, 3 sisters in Palestine, Ed: middle school, married × 9 yr, 0 children, 3 stepsons, came c̄ husband to USA 2000. Never worked, house wife, lives c̄ husband. |
| HPI | | Pt. Reported feeling helpless, hopeless, worthless, loss of motivation, interest, sense of pleasure (Anhedonia), crying episodes, ⊕ episodes of agitation, screaming, yelling for no reason, pulling her hair, ⊕ insomnia, ↓ appetite, ⊕ wt loss, anxiety, restlessness, uneasy discomfort. ↑ ↑ forgetfulness, ask same question repeatedly, unable to remember where she put her belongings, forgetting stove on, afraid → husband cooks, and does the shopping, cleaning the house. Confused at times. Poor concentration, poor attention, unable to learn new information or retain or retrieve new info. Does not know her address, confused about her step sons names. ⊕ wishes to die every day. ⊕ night wakes, can not be left alone in the house, scared, hears voices during the day calling her name, at night hears voice (⊕ voice) wants to kill her, sees shadows, can not leave the house by herself. |

②   Amer & Associates
Progress Note

Client Name: **Fadwa Hassan Abdelhadi**   ID# _____

| Date: | Time: | PROGRESS NOTE |
|---|---|---|
| | | Cont W Eval |
| | | Pt. if stayed home by herself frequently calls husband, |
| | | step son, scared, panic telling them there are people |
| | | knocking on the door, want to break in while there |
| | | is nobody, symptoms getting worse every day, cont. headache, hit her head against the wall. |
| Past of Hx | | Never Diagnosed or Tx |
| | | ⊖ H/o Physical or Sexual Abuse. |
| | | 3 y ago - Assaulted Physically and wrestled by stranger |
| Substance Abuse | | Hx: Denied. |
| Family | | Mother ⊕ Depression - c̄ Audio visual hallucinations and psychiatric hospitalization. |
| Med | | Kidney Stone. |
| MSE | | ≈ looks older than stated age. A-A-Ox, marginal grooming, hyg, dressed casual, |
| | | calm, cooperative, scared, intense/poor eye contact, |
| | | impaired memory, ↓ body movements, ↓ speech, poor |
| | | concentration, needed repeating questions in her own |
| | | language, depressed, flat affect, ⊕ wishes to die ⊘ H/I |
| | | mild confusion, ⊕ Audio visual hallucinations, ⊕ paranoid |
| | | thoughts, judgement, insight: marginal |
| | | A* Major Depression c̄ Psychotic features. |
| | | ~~R/o Dementia~~ |
| | | ~~Kidney stones.~~ |
| | | ℞ Lexapro 10mg Q Am. |
| | | Risperdal 1mg Q HS |
| | | Cont-F/U |